**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMETRECE R. WELCH

    Plaintiff,

                                                           Case No. 12-13417
v.                                                      Hon. Lawrence P. Zatkoff

IKON OFFICE SOLUTION, INC.,

    Defendants.
                                                   /

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

**I. INTRODUCTION**

Plaintiff submitted his Complaint [dkt 1] and Application to Proceed *in forma pauperis* [dkt 2] on August 3, 2012. Plaintiff's Application to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's Complaint for failure to state a claim upon which the Court may grant relief.

**II. ANALYSIS**

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of

fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will GRANT Plaintiff's request to proceed without prepayment of fees.

**B. Dismissal for Lack of Subject-Matter Jurisdiction and Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds that Plaintiff has failed to state a claim upon which the Court may grant relief.

Plaintiff claims Defendant discriminated against him on the basis of race when Defendant made an offer of employment that was contingent upon Plaintiff's successful passing of a background screening. When Defendant notified Plaintiff that he did not pass the background screening, apparently on the basis of his past criminal history, the contingent offer was revoked.

Plaintiff claims that Defendant's background and drug screening policy cause a "disparate impact" on African-American applicants. Plaintiff also claims that such a decision was "disparate treatment" towards Plaintiff because the decision not to hire him was due to the results of his background screening, and their was no business purpose for the decision.

A covered employer is liable for violating Title VII when the plaintiff demonstrates that the employer treated him differently because of his race, national origin, or another protected basis. *See* 42 U.S.C. § 2000e-2(a). In this case, Plaintiff has failed to adequately state his disparate treatment claim because he does not show or even allege that Defendant treats criminal history information differently for different applicants or employees based on their race or national origin. *See Dunlap v. Tennessee Valley Auth.*, 519 F.3d 626, 630 (6th Cir. 2008) ("The disparate treatment doctrine . . . requires a plaintiff to demonstrate that an employer has treated some people less favorably than others because of their race, color, religion, sex or national origin.")(citations omitted).

Plaintiff's disparate impact count also fails to state a claim. A prima facie disparate impact claim is established when: (1) a plaintiff identifies a specific employment practice to be challenged; and (2) through relevant statistical analysis proves that the challenged practice has an adverse impact on a protected group. *Johnson v. U.S. Dept. of Health and Human Servs.*, 30 F.3d 45, 48 (6th Cir.1994) (citing *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907-08 (6th Cir.1991)). Although Plaintiff challenges Defendant's pre-employment background and drug screening practice, he has failed to show or even adequately allege that the practice has an adverse impact on a protected group.

As such, Plaintiff has failed to state an adequate claim with respect to his disparate impact or disparate treatment counts.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is HEREBY DISMISSED pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: September 5, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 5, 2012.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290